Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1107 - 1,2 | **DATE** | 12/16/2004 |
| **CASE TITLE** | USA vs. Shih-Ming Shiue, I-Hwa Shiue | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to 1/26/05 at 9:30 a.m. The government advised the Court that this case is in the process of being transferred to Massachusetts. Time is ordered excluded to 1/26/05 pursuant to 18:3161(h)(8)(A)(B). (x-t).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
EASTERN DIVISION

MIDx. SO. DIST. DEEDS
DOCUMENT _1340697_
DATE _7-1-04_
TIME _4:12pm_

UNITED STATES OF AMERICA            )
                                    )
         v.                         )
                                    )
Shih-Ming Shiue                     )    No. 03 CR 1107-1
                                    )
                                    )    Judge John W. Darrah
                                    )
                                    )

## LIS PENDENS NOTICE

**NOTICE IS HEREBY GIVEN** that the foregoing action, which affects title to real property, has been commenced and is now pending in the United States District Court between the parties named.

The object thereof is to forfeit to the United States of America, pursuant to Fed. R. Crim. P. 46(f) and 18 U.S.C. § 3146(d), real property located at **41 Fairbanks, Lexington, Middlesex County, Massachusetts,** legally described below, in the event that defendant SHIH-MING SHIUE fails to appear as required by the Court.

> **LOT 333 ON PLAN No. 6962-15, bounded and described as follows:**
>
> Southwesterly by the Northeasterly line of Fairbanks Road, being a curving line, one hundred and twenty-five feet;
> Northwesterly by lot 332 as shown on plan hereinafter mentioned, one hundred and twenty-five feet;
> Northeasterly by lot I on said plan, two hundred ninety-four and 03/100 feet; and
> Southerly by lot 340 on said plan, two hundred thirty-six and 65/100 feet.

Further information concerning this action may be obtained from the records of the Clerk of Court for the United States District Court located in Chicago, Illinois.

PATRICK J. FITZGERALD
United States Attorney

By: _____
PATRICK S. LAYNG
Assistant United States Attorney
219 South Dearborn Street
Room 500
Chicago, Illinois  60604
(312)353-5300

Sworn and Subscribed before me
On this 24th day of June, 2004

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Nelly E. Arboleda
Notary Public, State of Illinois
My Commission Exp. 10/03/2007

**RETURN TO:**

**TANYA SLUDER**
**UNITED STATES ATTORNEY'S OFFICE**
**219 SOUTH DEARBORN STREET**
**ROOM 500**
**CHICAGO, ILLINOIS 60604**

MDSX. SO. DIST. DEEDS
DOCUMENT 1034698
DATE 7-1-04
TIME 4:17 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 03 CR 1107 |
| | ) | **Judge John W. Darrah** |
| Shih Ming Shiue | ) | |

## FORFEITURE AGREEMENT

Pursuant to the **Order Setting Conditions of Release** entered in the above-named case on January 28, 2004, a copy of which is attached, and for and in consideration of bond being set by the Court for defendant Shih Ming Shiue in the amount of $500,000, being fully secured by real property, Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) hereby warrant and agree:

1. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) are husband and wife.

2. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) warrant that they are sole record owners and titleholders as tenants by the entirety of certain real property located at **41 Fairbanks Road, Lexington, Middlesex County, Massachusetts, shown as Lot 333 on Plan No. 6962-15, bounded and described as follows:**

| | |
|---|---|
| Southwesterly | by the Northeasterly line of Fairbanks Road, being a curving line, one hundred and twenty-five feet; |
| Northwesterly | by lot 332 as shown on plan hereinafter mentioned, one hundred and twenty-five feet; |
| Northeasterly | by lot 1 on said plan, two hundred ninety-four and 03/100 feet; and |
| Southerly | by lot 340 on said plan, two hundred thirty-six and 65/100 feet. |

Being the same premises conveyed to Shih Ming Shiue and Siaw Jin Choo Shiue, husband and wife, as tenants by the entirety recorded with said Registry of Deeds in Book 1069, Page 16. Said premises are subject to a prior mortgage of record: (1) in the face amount of $325,000 from Shih Ming Shiue and Siaw Jin Choo Shiue to Citizens Bank of Massachusetts and recorded with

said Registry of Deeds. This mortgage relates to a home equity line of credit. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) and Citizens Bank have agreed to amend this mortgage and reduce the face amount of the mortgage to $150,000. This amendment will be properly recorded in the Registry of Deeds. Until the conclusion of this case, Shih Ming Shiue and Siaw Jin Choo Shiue agree that they will not seek to increase the amount of their home equity line of credit with Citizens Bank.

3. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) have provided proof of their ownership interest in this property by presenting a title report prepared by Quirk Associates dated January 26, 2004. After the amendment referred to in paragraph 2 above is recorded, Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) will have an updated title report prepared by Quirk Associates and will provide a copy of that report to the U.S. Attorney's Office.

4. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) state that they purchased said premises for $350,000. According to an appraisal prepared by P. De Christoforo/Fidelity Appraisal Group and dated March 19, 2004, the fair market value of the premises is $650,000.

5. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) agree $500,000 of their equitable interest in the above-described real property shall be forfeited to the United States of America, should the defendant **SHIH MING SHIUE** fail to appear as required by the Court. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) have received a copy of the **Order Setting Conditions of Release** and understand its terms and conditions. Further, defendant Shih Ming Shiue understands that the only notice he will receive is notice of court proceedings.

6. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) further agree to execute a quitclaim deed, waiving any homestead exemption, in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) understand that should defendant Shih Ming Shiue fail to appear, the United States will obtain an order from the Court authorizing the United States to file and record the above-described quitclaim deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond. In such event, within a reasonable period of time, the United States shall take any and all reasonable steps to sell the premises at the then fair market value. In the event that the proceeds from any such sale exceed $500,000, those excess proceeds shall be returned to Shih Ming Shiue and Siaw Jin Choo Shiue.

7. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further,

Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) have executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

8. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant $500,000, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury.

9. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) agree that the United States shall file and record a copy of this Forfeiture Agreement with the Recorder of Deeds in Middlesex County, Massachusetts, as notice of encumbrance in the amount of the bond.

10. Shih Ming Shiue (surety) and Siaw Jin Choo Shiue (surety) hereby declare under penalty of perjury that they have read this Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: _____        _____
                            Shih Ming Shiue (Defendant/Surety)

Date: 6-3-04              _____
                            Siaw Jin Choo Shiue (surety)

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                    June 3, 2004

Then personally appeared the above-named Shih Ming Shiue and Siaw Jin Choo Shiue and acknowledged the foregoing instrument to be their free act and deed, before me,

_____
Notary Public
My commission expires:_____

Linda M. Murray
Notary Public
My Commission Expires
August 21, 2009

# QUITCLAIM DEED

We, Shih Ming Shiue and Siaw Jin Choo Shiue, both of 41 Fairbanks Road, Lexington, Middlesex County, Massachusetts, in consideration of ten dollars ($10.00) and other consideration described in the Forfeiture Agreement dated June 3, 2005, which is attached and incorporated herein by reference, hereby grant to the United States of America, c/o Clerk of Courts, Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604

WITH QUITCLAIM COVENANTS

That certain parcel of land situate in Lexington, in the County of Middlesex and said Commonwealth, described as follows:

| | |
|---|---|
| Southwesterly | by the Northeasterly line of Fairbanks Road, being a curving line, one hundred and twenty-five feet; |
| Northwesterly | by lot 332 as shown on plan hereinafter mentioned, one hundred and twenty-five feet; |
| Northeasterly | by lot I on said plan, two hundred ninety-four and 03/100 feet; and |
| Southerly | by lot 340 on said plan, two hundred thirty-six and 65/100 feet. |

Said parcel is shown as lot 333 on said plan, (Plan No. 6962-15).

All of said boundaries are determined by the Court to be located as shown on a subdivision plan, as approved by the Court, filed in the Land Registration Office, a copy of which is filed in the Registry of Deeds for the South Registry District of Middlesex County in Registration Book 563, Page 107, with Certificate 86657.

The above described land is subject to a Grant of Easement from Joseph P. Spinelli et al, Trustees to New England Telephone and Telegraph Company and Boston Edison Company, Document 302441.

Together with the right to pass and repass on Fairbanks Road, Tufts Road and any other roads that may be constructed on lands of Joseph P. Spinelli et al, Trustees, for all purposes as streets are commonly used, set forth in Document 367931.

For title reference see Certificate of Title No. 187766 in Book 1069, Page 16.

Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the Commonwealth of Massachusetts.

Property Address: 41 Fairbanks Road, Lexington, MA.

WITNESS our hands and seals this the 3rd day of June 2004.

_____
Shih Ming Shiue

_____
Siaw Jin Choo Shiue

### COMMONWEALTH OF MASSACHUSETTS

*Middlesex*, ss.                                                                 June 3, 2004

Then personally appeared the above-named Shih Ming Shiue and Siaw Jin Choo Shiue and acknowledged the foregoing instrument to be their free act and deed, before me,

_____
Notary Public
My commission expires:_____

Linda M. Murray
Notary Public
My Commission Expires
August 21, 2009

# 1747854_v1

# QUIT-CLAIM DEED

**THE GRANTORS:**

**I-HWA SHIUE and
TIEN-LAN CHANG**

*Above space for Recorder's Use Only*

of 182 Grant Street, Lexington, Middlesex County, Massachusetts, in consideration of **ten dollars ($10.00)** and other consideration described in the Forfeiture Agreement dated April ___, 2004, which is attached and incorporated herein by reference, **GRANTS** to the UNITED STATES OF AMERICA, with QUITCLAIM COVENANTS, a certain parcel of land with the buildings and improvements thereon situated in Lexington, Middlesex County, Massachusetts, shown as Lot 7 on Plan No. 18397E, bounded and described as follows:

SOUTHEASTERLY by Grant Street, one hundred feet;

SOUTHWESTERLY by land now or formerly of Paul Bowser, five hundred twenty-eight and 09/100 feet:

WESTERLY by land now and formerly of William J. Baskin **et** al, fifty-one and 40/100 feet;

NORTHERLY and NORTHEASTERLY by land now or formerly of John T. Fiske et al and by Lot 6 of said plan by two lines measuring together, three hundred sixty and 82/100 feet; and

SOUTHEASTERLY, one hundred thirteen and 15/100 feet, and

NORTHEASTERLY, one hundred ninety-five and 52/100 feet by Lot 8 on said plan.

Being the same premises conveyed to Tien-Lan Chang and I-Hwa Shiue, husband and wife, as tenants by the entirety recorded with said Registry of Deeds in Book 1196, Page 155.

Said premises are subject to a prior mortgages of record: (1) in the face amount of $800,000 from I-Hwa Shiue and Tien-Lan Chang to Citimortgage, Inc. dated December

1, 2000 and recorded with said Registry of Deeds in Book 1222, Page 134; and (2) in the face amount of $200,000 from I-Hwa Shiue and Tien-Lan Chang to Citizens Bank dated December 8, 2000 and recorded with said Registry of Deeds in Book 1222, Page 134. Hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Massachusetts.

Address of Real Property: 182 Grant Street (f/k/a 184 Grant Street), Lexington, Massachusetts.

Witness my hand and seal this ____ day of April, 2004.

_____
I-Hwa Shiue

_____
Tien-Lan Chang

**COMMONWEALTH OF MASSACHUSETTS**

April ____, 2004

Then personally appeared the above named **I-Hwa Shiue and Tien-Lan Chang** and acknowledged the foregoing instrument to be **their** free act and deed, before me.

_____  Linda M. Murray
My Commission Expires:                    Notary Public
                                                          My Commission Expires
                                                          August 21, 2009







Bk: 1222 Pg: 134 Cert#: 218484
Doc: AGR    07/06/2004 11:06 AM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                    ) | No. 03 CR 1107 |
| ) | Judge John W. Darrah |
| I-Hwa Shiue                  ) | |

**FORFEITURE AGREEMENT**

Pursuant to the **Order Setting Conditions of Release** entered in the above-named case on January 28, 2004, a copy of which is attached, and for and in consideration of bond being set by the Court for defendant I-Hwa Shiue in the amount of $500,000, being fully secured by real property, I-Hwa Shiue (surety) and Tien-Lan Chang (surety) hereby warrant and agree:

1. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) are husband and wife.
2. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) warrant that they are sole record owners and titleholders as tenants by the entirety of certain real property located at **182 Grant Street (f/k/a 184 Grant Street), Lexington, Middlesex County, Massachusetts, shown as Lot 7 on Plan No. 18397E, bounded and described as follows:**

> SOUTHEASTERLY by Grant Street, one hundred feet;
> SOUTHWESTERLY by land now or formerly of Paul Bowser, five hundred twenty-eight and 09/100 feet:
> WESTERLY by land now and formerly of William J. Baskin et al, fifty-one and 40/100 feet;
> NORTHERLY and NORTHEASTERLY by land now or formerly of John T. Fiske et al and by Lot 6 of said plan by two lines measuring together, three hundred sixty and 82/100 feet; and
> SOUTHEASTERLY, one hundred thirteen and 15/100 feet, and NORTHEASTERLY, one hundred ninety-five and 52/100 feet by Lot 8 on said plan.

Being the same premises conveyed to Tien-Lan Chang and I-Hwa Shiue, husband and wife, as tenants by the entirety recorded with said Registry of Deeds in Book 1196, Page 155.

Said premises are subject to a prior mortgages of record: (1) in the face amount of $800,000 from I-Hwa Shiue and Tien-Lan Chang to Citimortgage, Inc. dated December 1, 2000 and recorded

with said Registry of Deeds in Book 1222, Page 134; and (2) in the face amount of $200,000 from I-Hwa Shiue and Tien-Lan Chang to Citizens Bank dated December 8, 2000 and recorded with said Registry of Deeds in Book 1222, Page 134.

3. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) have provided proof of their ownership interest in this property by presenting a title report prepared by Quirk Associates dated February 3, 2004.

4. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) state that they purchased said premises for $1,850,000. According to an appraisal prepared by P. De Christoforo/Fidelity Appraisal Group and dated March 19, 2004, the fair market value of the premises is $2,400,000.

5. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) agree $500,000 of their equitable interest in the above-described real property shall be forfeited to the United States of America, should the defendant **I-HWA SHIUE** fail to appear as required by the Court. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) have received a copy of the **Order Setting Conditions of Release** and understand its terms and conditions. Further, defendant I-Hwa Shiue understands that the only notice she will receive is notice of court proceedings.

6. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) further agree to execute a quitclaim deed, waiving any homestead exemption, in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) understand that should defendant I-Hwa Shiue fail to appear, the United States will obtain an order from the Court authorizing the United States to file and record the above-described quitclaim deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond. In such event, within a reasonable period of time, the United States shall take any and all reasonable steps to sell the premises at the then fair market value. In the event that the proceeds from any such sale exceed $500,000, those excess proceeds shall be returned to I-Hwa Shiue and Tien-Lan Chang.

7. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court. Further, I-Hwa Shiue (surety) and Tien-Lan Chang (surety) have executed a release in favor of the United States so it can be verified that all obligations relating to the property are paid currently.

8. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant $500,000, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury.

9.  I-Hwa Shiue (surety) and Tien-Lan Chang (surety) agree that the United States shall file and record a copy of this Forfeiture Agreement with the Recorder of Deeds in Middlesex County, Massachusetts, as notice of encumbrance in the amount of the bond.

10. I-Hwa Shiue (surety) and Tien-Lan Chang (surety) hereby declare under penalty of perjury that they have read this Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 4/8/2004

_____
I-Hwa Shiue (Defendant/Surety)

_____
Witness

Date: 4/8/04

_____
Tien-Lan Chang (surety)

_____
Witness

RETURN TO:
TANYA SLUDER
UNITED STATES ATTORNEY'S OFFICE
219 SOUTH DEARBORN STREET
ROOM 500
CHICAGO, ILLINOIS 60604

_____
Linda M. Murray
Notary Public
My Commission Expires
August 21, 2009

AO 199A (Rev. 6/97) Order Setting Conditions of Release    Page 1 of 3 Pages

# United States District Court

__Northern__ DISTRICT OF __Illinois__

**DOCKETED**
**JAN 2 9 2004**

UNITED STATES OF AMERICA

v.

__I-HWA SHIUE__
Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 03 CR 1107

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
Place
_____ on _____
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

9

WHITE COPY — COURT    YELLOW — DEFENDANT    GREEN — PRETRIAL SERVICES    BLUE — U.S. ATTORNEY    PINK — U.S. MARSHAL

AO199B (Rev. 5/99) Additional Conditions of Release

Page 2 of 3 Pages

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization) _____
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy        Date

( ) (7) The defendant shall:
( ) (a) report to the _____,
telephone number _____, not later than _____.
(X) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $500,000 secured by 182 Grant Street Lexington MA 02420
(X) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described $500,000
( ) (d) execute a bail bond with solvent sureties in the amount of $_____
( ) (e) maintain or actively seek employment.
( ) (f) maintain or commence an education program.
( ) (g) surrender any passport to: _____
( ) (h) obtain no passport.
(X) (i) abide by the following restrictions on personal association, place of abode, or travel: ALLOWED TO TRAVEL OUTSIDE U.S. MUST Report to Pretrial Services before travel
( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
( ) (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____
( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  ( )(i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  ( )(ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  ( )(iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
(u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
( ) (v) _____
( ) (w) _____
( ) (x) _____

WHITE COPY — COURT    YELLOW — DEFENDANT    GREEN — PRETRIAL SERVICES    BLUE — U.S. ATTORNEY    PINK — U.S. MARSHALL

AO 199C (Rev 6-97) Advice of Penalties...    Page 3 of 3 Pages

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Chobra Shrue_
Signature of Defendant

_182 Grant Street_
Address

_Lexington Ma 02420_      _(781) 862-543_
City and State              Telephone

## Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _1/28/04_              _____
                              Signature of Judicial Officer

                              _____
                              Name and Title of Judicial Officer

I HEREBY ATTEST AND CERTIFY ON 7/7/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND
CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY
    EUGENE C. BRUNE
    ASST. RECORDER
    LAND COURT

BY *Eugene C. Brune*

DOCUMENT 01340987

Southern Middlesex LAND COURT
REGISTRY DISTRICT
RECEIVED FOR REGISTRATION
On: Jul 06,2004 at 11:06A
Document Fee: .00
Receipt Total: $86.00

CERT: 218484  BK: 01222  PG: 134

PHOTOSTAT COPY WANTED

Patrick Slayns AUSA
United States Attorney's Office
219 S. Dearborn Street 5th Floor
Chicago Illinois 60604